## Commonwealth, Appellant, v. Picard et al.

Argued October 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

512

*Charles F. C. Arensberg,* of *Patterson, Crawford, Arensberg & Dunn,* with him *John Heron,* for appellant.

*Thomas F. Garrahan,* with him *H. W. McIntosh,* for appellee, Henry Daube.

*James H. Duff,* of *Duff, Scott & Smith,* for appellee, George Picard.

OPINION BY MR. JUSTICE MAXEY, March 27, 1933:

The facts of this case recited in a former appeal (296 Pa. 120, 145 A. 794) need not be repeated at length here. Sossong a private banker since 1898 was obliged by clause 4, section 8 of the Act of June 19, 1911, P. L. 1060, to execute, on January 9, 1912, a bond in the sum of $50,000 with sureties "conditioned upon the faithful holding and repayment of all moneys which may be deposited with the principal obligor," etc. Having conducted the business of private banking for a period of at least seven years prior to the Act of 1911 (see clause 6, section 8 of that act), Sossong would not have been obliged under the act to file any bond but for the fact that he was also engaged in the sale of steamship tickets

(see clause 7, section 8). Three of the sureties on Sossong's bond are the appellees.

Sossong discontinued his steamship ticket business in 1919 and thus came within the exemption of clause 6, section 8, and from that time he was under no obligation to keep his bond on file. In 1924 he wrote the banking board requesting cancellation of his bond. This was granted on June 19, 1924. In its former opinion in this case (296 Pa.) this court explicitly declared that "the banking board could cancel the bond given" (page 124), and recognized "the annulment of the bond by the board of private banking" (page 126). On the date Sossong's bond was "cancelled" and "annulled" he was entirely solvent and there had been no default of any kind. On August 13, 1925, Sossong became bankrupt and a trustee was appointed. Judgment was entered on the bond July 27, 1926. Upon petition the court below opened the judgment. The trustee appealed. The decree of the court below was affirmed with a procedendo. This court said: If the board "found he [Sossong] had ceased to sell tickets and was entitled to continue business without restrictions, it could cancel the bond given because that condition existed. Such cancellation would not affect antecedent liability for deposits, but would determine future liability on that instrument for rights arising since the date of cancellation."

At the hearing pursuant to the procedendo there was no evidence adduced that the board was fraudulently imposed upon or misled by Sossong in securing his exemption under the act and the cancellation of the bond, and the court below sitting in banc found that there was no suggestion of imposition or impropriety in this respect. The only evidence offered was as to the state of the accounts between Sossong and his depositors between June 18, 1924, the date when the board granted Sossong's request to terminate his liability on the bond, and August 13, 1925, the date of bankruptcy. It was shown, over objection, that the accounts of some deposi-

tors remained intact and unchanged from June 18, 1924, to the date of bankruptcy, with neither withdrawals nor additional deposits; and that in the case of certain other depositors there were only partial withdrawals.

Appellant's proposition is: "After authority was given to terminate the liability on the bond as of June 19, 1924, there remained a liability under the bond, protecting the moneys on deposit on June 19, 1924, and not withdrawn prior to the date of bankruptcy, that is, August 13, 1925."

This raises an interesting question but on the record before us it need not be decided. Though the nonsuit was not entered for the reason we are about to state, it could have been and no other reason would have been necessary. Plaintiff failed to prove that the deposits on hand when the bond was cancelled, and which deposits were not subsequently withdrawn before Sossong's bankruptcy, were made within the lifetime of the bond. For all that appears in the evidence, these deposits might all have been made before the date the bond was executed, i. e., during the thirteen years Sossong was in the banking business before he was under any legal obligation to file any bond. For the repayment of such deposits the sureties on the bond were certainly not liable, for the bond, which is dated January 9, 1912, is "conditioned upon the faithful holding of all moneys which may be deposited with Sossong." The burden was on the plaintiff to prove that the deposits, whose nonpayment constituted the breach alleged, were made contemporaneously with the period of the bond's existence. This burden plaintiff did not meet and defendants were therefore entitled to a nonsuit.

The judgment is affirmed.

PER CURIAM, October 2, 1933:
After re-argument, judgment re-affirmed.